NicholsoN, C. J.,
delivered the opinion of the court.
At the May Term, 1871, of the Criminal Court for Davidson county, Young Alexander was convicted of murder in the second degree, for killing ¥m. Stewart, and sentenced to the penitentiary for ten years. He has appealed to this court, after his motions in arrest of judgment and for a new trial were overruled.
The first error relied on, is, that the motion in arrest of judgment was improperly overruled, because the indictment on which defendant was tried was insufficient in law. The indictment is as follows:
“The Grand Jurors of the State of Tennessee, empan-elled, charged and sworn, to enquire for the body of the county of Davidson and State of Tennessee, upon their oath aforesaid, present, that on the 13th of April, 1870, in the State and county aforesaid, one Young Alexander, colored, and Michael Maloney, in and upon 'Win. Stewart, did -unlawfully make an assault, and him, the said Wm. Stewart, they, the said Young Alexander, col., and Michael Maloney, then and there unlawfully, deliberately, premeditatedly, feloniously and of their malice aforethought, did kill and murder, contrary to the form of *478 the statute made and provided, and against the peace and dignity of the State. E. S. Tuthill,
Attorney General, &c.”
The objection taken to this indictment is, that it does not state the weapon by which the assault was made and the killing produced.
An indictment is defined by Judge Story, in his commentaries of the Constitution of the United States, to be “a written accusation of an offense, preferred to, and presented upon oath, by a Grand Jury, at the suit of the Government.” By section 5114 of the Code, it is provided, that “the statement of the facts constituting the offense in an indictment, shall be in ordinary and concise language, without prolixity or repetition.” And by section 5115, that “in no case are the words Torce and arms/ or ‘contrary to the form of the statute/ or ‘moved and instigated by the devil/ or other words not essential to constitute the offense, necessary or proper.” And by section 5117, “the act or omission charged as the offense, shall be stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case.”
The true interpetation of these sections of the Code is, that in the statement of the offense the indictment must recite explicitly the facts which constitute the alleged crime, and not merely their supposed legal bearing. It is the simple office of the bill to exhibit the facts. If there be sufficient to constitute the crime charged, that will be judicially recognized by the court as their legal consequence.
The indictment in the present case, recites that, on *479 a clay specified, Young Alexander made an unlawful assault on ¥m. Stewart, and by such assault killed and murdered him; and that it was done unlawfully, deliberately, premeditatedly, feloniously and with malice aforethought. These are the facts recited as constituting the crime of which defendant was accused. The legal consequence of these facts, to-wit, that the defendant is guilty of murder in the first degree, is not stated. Nor was it necessary: the court was left to recognize the legal consequence to be deduced from the facts charged. The written accusation had fully performed its office when the facts constituting the offense were recited.
The object of the indictment or written accusation, is, that the accused may know “the nature and cause of the accusation against him.” The question is, does this indictment enable the defendant to know the nature and cause of the accusation against him? Are the facts constituting the offense charged, so explicitly stated as to show the nature and cause of the accusation? The nature of the accusation is, that he is charged with the deliberate, premeditated and malicious killing and murdering of ¥m. Stewart; and the cause of the accusation is, that he is then charged with murder. The act charged as the offense, is stated with such degree of certainty, as not only to enable him to know the nature and cause of the accusation and to make his defense, but upon conviction the Court can pronounce judgment according to the right of the case.
The statement of the character of the weapon with which the killing was effected, could add nothing to the *480 nature and cause of the accusation, nor could it be of any service to him in making his defense. The assault recited is not the gravamen of the charge; that is only inducement to the real charge, which is that of killing and murdering, and as the assault was followed by killing and murder as its consequence, it was not necessary to state the weapon with which the assault was made, or the killing consummated. The reason on which we have held that in an indictment for assault with intent to commit murder, it is necessary to state the character of the weapon with which the assault was made, does not apply where the indictment is for committing murder.
There was, therefore, no error in overruling the motion in arrest of judgment.
The next error relied on, is, that the court below overruled the motion for a new trial.
It is insisted for defendant, that the bill of exceptions failed to show that the offense was committed in the county of Davidson, in which county the defendant was tried and convicted; and that for that reason, a new trial ought to have been granted.
After a careful examination of the proof, as set out in the bill of exceptions, (and it professes to contain all the testimony adduced on the trial,) we are unable to find any thing which locates the killing either in the city of Nashville or in the county of Davidson. Witnesses speak of Cedar Street, and of the city, and of the Chattanooga depot, in detailing their evidence; and one witness, by way of giving the jury an idea of distance, refers to the distance to the market-house as the measure. But it is remarkable, that no one witness alludes *481 to the name of the city in which the killing took place, nor to any object of which we can take judicial notice, as designating the city or county. One witness refers to the Chattanooga depot as the place where his father was employed; but this allusion may as well point to the depot at Chattanooga as at Nashville.
It is not denied that the defendant could not be legally convicted, without proof that the offense was committed in Davidson county, where he was tried. But it is said, that, under sec. 5242 of the Code, defendant is not to be granted a new trial, for the reason that the bill of exceptions omits to state that the venue was proven in the court below. Such is the provision of the statute; and if we had any legal mode of knowing that the venue was in fact proven, and that the fact so proven was omitted in making up the bill of exceptions, we should be bound to hold that the defendant was not entitled to a new trial for this omission. But, in another case at the present term, we had occasion to consider and decide this question; and after reviewing the grounds of that decision, we find no reason to doubt its correctness.
The decision rests upon the constitutional provision, that the accused has a right to “a speedy public trial, by an impartial jury of the county in which the offense shall have been committed.”
To make a legal conviction, it is incumbent on the State to prove that the offense was committed in the county in which the trial is had. It is clear that the Legislature has no power to force the accused to be tried in any other county, nor to excuse the prosecutor *482 from proving the venue. But it is argued, that, upon appeal, this court may presume that on the trial below the venue was proven, and may presume further that the proof was omitted from the bill of exceptions by inadvertence or negligence. In cases where the bills of exceptions do not show that they contain all the testimony, such a presumption might well be made. But when the record comes to us properly authenticated, and the judge below certifies that all the testimony given on the trial is contained in the bill of exceptions, we are unable to comprehend the principle upon which we can presume arbitrarily that the record is false, and that, in fact the venue was proven, and that it was omitted by inadvertence or negligence, although the judge below has certified that no such proof was made. The Legislature could not have intended to require such a construction to be placed on their action. If they did, they made an enactment not authorized by the Constitution. We so held in the case before referred to, and we now adhere to that decision.
This error, therefore, is well assigned; and as for that, a new trial must be granted, we deem it improper to express an opinion as to the sufficiency of the evidence to sustain the verdict.